UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| RAYMOND WRIGHT, | ) CV 12-5905-SH |
| Petitioner, | ) MEMORANDUM AND ORDER ) DISMISSING 28 U.S.C.§2254 ) PETITION FOR WRIT OF |
| v. | ) HABEAS CORPUS |
| J.N. KATAVICH, | ) |
| Respondent. | ) |

## I. BACKGROUND

### A. Conviction and Direct Appeal

On September 16, 2011, in Los Angeles County Superior Court case number BA379739, petitioner pleaded no contest to one count of possession of cocaine base for sale. (Cal. Health & Saf. Code §11351.5). The trial court found true two prior convictions within the meaning of California's Three Strikes Law (Cal.Penal Code §§ 1170.12(a)-(d); 667 (b)-(I)), and one prior conviction alleged pursuant to California Health and Safety Code § 11370.2(a). Petitioner was sentenced to six

1

years in state prison.

On October 18, 20011, petitioner appealed his conviction in the California Court of Appeal. That court affirmed his conviction, but modified his presentence custody credit. Petitioner did not file a Petition for Review in the California Supreme Court.

### B. State Habeas Corpus and Mandate Petitions

On October 7, 2011, petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. That Petition was denied on October 18, 2011.

On December 12, 2011, petitioner filed a Petition for Writ of Habeas corpus in the California Supreme Court. That Petition was denied on March 21, 2012.

On February 15, 2012, petitioner filed a Petition for Writ of Mandate in the California Court of Appeal. That Petition was denied on June 19, 2012.

On June 27, 2012, petitioner filed a Petition for Review of the California Court of Appeal's denial of his Petition for Writ of Mandate in the California Supreme Court. That Petition was denied on August 8, 2012.

On September 18, 2012, petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. That Petition was denied on September 25, 2012.

### C. Instant Habeas Corpus Petition

The instant §2254 Petition was filed on July 9, 2012. Respondent filed an initial Return to the Petition on August 28, 2012, arguing that this Court should abstain from considering the merits of the claims alleged in the Petition because of ongoing state court proceedings. On September 27, 2012, the Court found that the state court proceedings had concluded, and therefore abstention was no longer appropriate. This Court further found that Ground Three of the Petition was unexhausted. Petitioner subsequently elected to withdraw Ground Three, and this Court ordered respondent to respond to the merits of Grounds One and Two. The parties have consented to the jurisdiction of the Magistrate Judge. Respondent filed

a Supplemental Return on February 15, 2013, and petitioner filed a Reply on March 5, 2013.

## II. PETITIONER'S CONTENTIONS

1. Petitioner's right to due process was violated because prior strike allegations made pursuant to California's Three Strikes Law (Cal. Penal Code §§667(b)-(I), 1170.12(a)-(d)) were not properly pled and proven and did not constitute strikes within the meaning of California law when they were committed. (Pet. at 5; Addendum to Pet. At 1-3; Exhibits.)

2. Petitioner's right to be free from cruel and unusual punishment was violated by the enhancement of his sentence with the prior convictions. (Pet. at 5.)

## III. STANDARD OF REVIEW

Petitioner's claims were all summarily denied on habeas corpus review by the California Supreme Court (LD 13-14). See Harrington v. Richter, 131 S. Ct. 770, 784, 178 L.Ed. 2nd 624 (2011) (State court's summary denial of a claim constitutes a denial on the merits for purposes of § 2254(d)); see also In re Reno, 55 Cal. 4th 428, 447, 146 Cal. Rptr. 3d 297 (2012) (summary habeas denial reflects rejection of those claims in federal court is unavailable unless the state-court decisions were objectively unreasonable.

A federal court may review a habeas petition by a person in custody under a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for state law errors. Swarthout v. Cook, _ U.S. _, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011)(per curiam)(citing Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).

Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Clearly established federal law" means federal law that is clearly defined by the holdings of the Supreme Court at the time of the state court decision. See, e.g., Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1399, 179 L. Ed. 2d 557 (2011)(citation omitted). Although only Supreme Court law is binding, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)(citation omitted).

In determining whether a decision is "contrary to" clearly established federal law, a reviewing court must evaluate whether the decision "'applies a rule that contradicts [such] law'" and how the decision "confronts [the] set of facts that were before the state court.'" Cullen v. Pinholster, 131 S. Ct. at 1399 (quoting Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L. Ed. 2d 389 (2000)). If the state decision "'identifies the correct governing legal principle' in existence at the time," a reviewing court must assess whether the decision "'unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413). An "unreasonable application" of law is "'different from an incorrect application'" of that law. Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011)(quoting Williams, 529 U.S. at 410). Similarly, a state-court decision based upon a factual determination may not be overturned on habeas

review unless the factual determination is "'objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

The AEDPA standard requires a high level of deference to state court decisions, such that a state decision that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)). Accordingly, to obtain federal habeas relief a state prisoner must show that the state court's decision on a federal claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. Moreover, even if this court finds such a state-court error of clear constitutional magnitude, habeas relief is not available unless the error "had substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116, 121-22, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007)(quoting Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

## IV. DISCUSSION

**A. Ground One Is Not Cognizable on Federal Habeas, Nor Did The California Supreme Court Unreasonably Apply Clearly Established Federal law When It Denied Petitioner's Claim**

In Ground One, petitioner argues that his right to due process was violated because prior strike allegations arising out of Florida convictions, findings made pursuant to California's Three Strikes Law (Cal. Penal Code §667(b)-(I), 1170.12(a)-(d)), were not properly pled and proven and did not constitute strikes within the meaning of California law when they were committed. First, Ground one

is a state law claim and thus not cognizable on federal habeas. Second, as the California Supreme Court did not unreasonably apply United States Supreme Court precedent when it denied this claim, AEDPA precludes relief.

### B. Petitioner's Claim of State Sentencing Error Is Not Cognizable on Federal Habeas and Moreover, the California Supreme Court's Interpretation of State Sentencing Laws Is Binding

To the extent petitioner raises a claim based on an alleged error of state law, the claim is not cognizable on federal habeas review. Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws or treaties fo the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1158, 71 L.Ed. 2d 783 (1982). A violation of state law standing alone is not cognizable in federal court on habeas. Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991); see also Dugger v. Adams, 489 U.S. 401, 409, 109 S.Ct. 1211, 103 L.Ed. 2d 435 (1989).

Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (holding that petitioner was not entitled to habeas relief on claim that state court improperly used petitioner's prior federal offense to enhance punishment); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that claim that prior conviction was not a "serious felony" under California's sentencing law is not cognizable in federal habeas proceeding); Moore v. Chrones, 687 F.Supp. 2d 1005, 1039-41 (C.D. Cal. 2010) (claim of trial court error by declining to exercise its discretion to strike a prior "strike" conviction involves solely the interpretation and application of state sentencing law, and thus does not present a basis for federal habeas relief). Thus petitioner's claim that his

Florida convictions did not qualify as "strikes" under California's Three Strikes Law is not cognizable on federal habeas.

Moreover, federal courts are bound to follow the decisions of the state's highest court on state law matters. Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed. 2d 407 (2005) (per curiam); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law"); Woratzeck v. Stewart, 97 F.3d 329, 336 (9th Cir. 1996) (State Court presumed to properly apply state law). Therefore, the California Supreme Court's rejection of his state sentencing claim is binding.

### C. Even If Petitioner's Claim of State Sentencing Error Were Subject to Federal Habeas Review, It Is without Merit

Petitioner's claim alternatively fails on the merits. The crux of petitioner's argument is that his convictions for robbery in Florida should not have counted as strikes in California because 1) the Florida and California statutes for robbery were not sufficiently similar and 2) the Florida convictions were not properly pled and proven. (Pet. at 5; Addendum to Pet. at 1-3; Exhibits.) However, as the trial court found:

In People's 2, Mr. Wright pled to a violation of Florida revised statute § 812.13, which is a robbery and the element of that robbery essentially tracks the language of California Penal Code § 211. So that is clearly a robbery. The elements clearly establish a robbery under California law.

Similarly in People's 3, it appears that Mr. Wright entered a plea of guilty to a violation of Florida revised statute 812.13. That is also a dash one on page 1 of 16. However, it does not appear from reviewing the record that there was a plea to 812.131. I don't know what the dash one means.

Moreover, I have read and reviewed the declaration under penalty of perjury,

the fact that the first page which does establish the elements of a robbery under California law. Moreover the factual summary contained in the criminal record also indicates the elements of a robbery under California law. Moreover, finally the first page of Exhibit 3 indicates that it was a violation of Florida statute § 812.13.

So based on all of that, I find beyond a reasonable doubt that the priors alleged under California's Three Strikes Law are true, have been proven beyond a reasonable doubt, and I do find them to be true.

(2RT at H27-H28.)

As the trial court noted, the definitions of robbery in Florida and California were sufficiently similar for petitioner's convictions in Florida to qualify as "strikes" under California's Three Strikes Law. In 1990, Florida defined robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. Ann. §812.13 (West 1990). California defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code §211. Because petitioner pleaded guilty to Florida statutes § 812.13 in 1986 and 1990, the trial court correctly found that petitioner's convictions for robbery qualified as strikes in California. See Cal. Penal Code § 1192.7(c)(19) (listing robbery as a strike).

Furthermore, petitioner's contention that the prior convictions were not properly documented fails. In determining the substance of a prior conviction, the trier of fact may look to the entire record of conviction. People v. Guerrero, 44 Cal. Cal. 3d 343, 355, 243 Cal. Rptr. 688 (1988). The record of conviction may consist of the preliminary hearing transcripts, (People v. Reed, 13 Cal. 4th 217, 223-30, 52 Cal. Rptr. 2d 106 (1996)); the Information and verdict forms (People v. Skeirik, 229 Cal. App. 3d 444, 462, 280 Cal. Rptr. 175 (1991)); abstracts of judgment People v. Johnson, 208 Cal. App. 3d 19, 26, 256 Cal. Rptr. 16 (1989)); minute orders

1  (People v. Harrell, 207 Cal. App. 3d 1439, 1444-45, 255 Cal. Rptr. 750 (1989));
2  change of plea forms (People v. Carr, 204 Cal. App. 3d 774, 778, 251 Cal. Rptr. 458
3  (1988));and certain statements in the probation reports (People v. Garcia, 216 Cal.
4  App. 3d 233, 237, 264 Cal.Rptr. 662 (1989)).

Here, the trial court reviewed documents from each conviction including arrest and booking reports, signed guilty plea forms, an Information (for the 1986 conviction only), and abstracts of judgment (including fingerprint expert that the fingerprints in the exemplars belonged to petitioner. (2RT at H23-H25.) Thus, the trial court had sufficient evidence to determine that petitioner had been convicted of robbery in Florida in 1986 and 1990. Therefore, the California Supreme Court's rejection of this claim was reasonable, and the AEDPA precludes relief.

### D. The California Supreme Court Did Not Unreasonably Apply Clearly Established Federal Law When It Rejected Petitioner's Claim That His Sentence Constituted Cruel and Unusual Punishment in Ground Two

In Ground Two, petitioner argues that his six-year sentence violates the proscription against cruel and unusual punishment. Specifically, petitioner contends that his sentence was cruel and unusual because it was enhanced pursuant to California's Three Strikes law. Because the California Supreme Court did not unreasonably apply clearly established federal law in denying this claim, AEDPA precludes relief.

#### 1. The Applicable Law

The Eighth Amendment to the United States Constitution bars cruel and unusual punishment and applies equally to capital and noncapital sentences. Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed 2d 108 (2003). This constitutional principle "forbids only extreme sentences that are 'grossly

disproportionate' to the crime." Id. At 23. In a noncapital case, successful proportionality challenges are "exceedingly rare." Id. At 20-21 (sentence of twenty-five years to life in prison for felony theft of golf clubs under California's Three Strikes law, with prior felonies of robbery and burglary, did not violate federal prohibition on cruel and unusual punishment).

### 2. Petitioner's Six-year Sentence Does not Violate the Proscription Against Cruel and Unusual Punishment

Here, petitioner received the low term of three years for possession of cocaine based for sale (Cal. Health & Saf. Code §11351.5). Although the trial court found that petitioner had two prior strikes, it dismissed one in the interests of justice. The trial court then doubled petitioner's three-year sentence pursuant to California's Three Strikes Law. Under the plea agreement, petitioner received a sentence of six years in state prison.

Petitioner's second strike sentence did not violate the Eighth Amendment because petitioner had an extensive criminal history dating back to his youth, including felony convictions for robbery, dealing in stolen property, marijuana, trafficking, and sale of a controlled substance. (Sealed Probation Report at 387-91.) Based on petitioner's recidivism, it was not cruel and unusual punishment to double his three-year sentence pursuant to California's Three Strikes Law.

///
///
///
///
///
///

## CONCLUSION

ACCORDINGLY, The Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

DATED: March 19, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE